IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARTNERS HEALTHCARE SOLUTIONS HOLDINGS, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 13-1767-RGA |
| v. | ) ) | REDACTED-PUBLIC VERSION |
| UNIVERSAL AMERICAN CORP., | ) ) ) | |
| Defendant. | | |

**DECLARATION OF REED S. OSLAN IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jon E. Abramczyk (#2432)
Ryan D. Stottmann (#5237)
1201 North Market Street, Suite 1600
Wilmington, DE  19801
Tel:  (302) 658-9200
  *Attorneys for Plaintiff Partners Healthcare
  Solutions Holdings, L.P.*

OF COUNSEL:

Reed S. Oslan, P.C.
Scott A. McMillin, P.C.
Richard U. S. Howell
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000

Original Filing Date:  December 16, 2013
Redacted Filing Date: December 20, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PARTNERS HEALTHCARE SOLUTIONS HOLDINGS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL AMERICAN CORP., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

C.A. No. 1:13-cv-01767-RGA

REDACTED-PUBLIC VERSION

## DECLARATION OF REED S. OSLAN IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I, Reed S. Oslan, declare as follows:

1. I am a partner in the law firm of Kirkland & Ellis LLP, counsel for Partners Healthcare Solutions Holdings, L.P. ("APSLP") in the above-captioned matter. I have been admitted to practice *pro hac vice* in this matter. This declaration is based on my personal knowledge and is submitted in opposition to Universal American Corp.'s ("UAM") motion to dismiss this action.

2. UAM sent its first letter to APSLP threatening litigation on March 1, 2013. Over the next seven months, APSLP made repeated efforts to reach a good--faith resolution of the parties' disputes, including offering to enter into a standstill and tolling agreement precluding either party from filing suit during the negotiation period -- a proposal that UAM rejected. These negotiations culminated in a two-day mediation on September 16-17, 2013, conducted by a

nationally recognized mediator, Kenneth Feinberg.  But this settlement process was derailed

when UAM interjected an entirely new claim into the dispute (relating to a contract with the

State of ███████) the day after the mediation.  UAM compounded the problem by demanding

that APSLP accede to its settlement demands with respect to the previously disclosed claims

before APSLP had an opportunity to investigate this new ██████ claim, setting what it

acknowledges was an October 21, 2013 "deadline" for a settlement of the claims that had been

mediated, and adding to its prior demands the new demand that APSLP and GTCR assume full

liability for the ██████ claim.

      3.     On October 20, 2013, David Katz, a principal of GTCR and a director of UAM,

wrote a letter to UAM's chief executive officer protesting UAM's exclusion of APSLP and

GTCR from the defense of the ██████ claim, requesting that the parties mutually agree on the

selection of defense counsel for the claim, and explaining that GTCR and APSLP needed access

to information and more time to evaluate the ██████ issues before they could continue the

settlement negotiations.  (Levander Decl., D.I. 14, Ex. D, p. 2)  Katz urged that it would "be

better and more cost effective for all parties to proceed to get to the bottom of ██████ first

rather than engaging in a piecemeal litigation strategy." (*Id.*)  UAM's motion to dismiss

indirectly confirms that it rejected Mr. Katz's request for time to evaluate the ██████ claim,

acknowledging that UAM's counsel told APSLP's counsel the next day, October 21st, "that

Universal was prepared to wait a few more days to hear APSLP's response before filing suit."

(*Id.*, Levander Dec. ¶ 9, emphasis added)  Offering only a "few days" was an obvious rejection

of GTCR's and APSLP's request for reasonable time to investigate and evaluate the ██████

claim.

4.     UAM's rejection of APSLP's request for its cooperation in investigating and evaluating the new ▮▮▮▮claim was further confirmed on the evening of October 21st, when UAM sent me an e-mail that expressly and unequivocally closed the door to further settlement negotiations.  (I later deleted that e-mail from my in-box at the request of UAM's counsel, but if UAM persists in falsely accusing APSLP of deception in the events leading up to the filing of the Delaware Chancery Court action, I can arrange for it to be retrieved.)  Under the circumstances, UAM deliberately and unmistakably gave APSLP no reasonable alternative other than to file its declaratory judgment action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.  Executed on December 16, 2013 in Chicago, Illinois.

Reed S. Oslan

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Blake Rohrbacher
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801


*/s/ Ryan D. Stottmann*
Ryan D. Stottmann (#5237)