IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARTNERS HEALTHCARE SOLUTIONS HOLDINGS, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. 13-1767-RGA |
| | ) | |
| UNIVERSAL AMERICAN CORP., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
**<u>MOTION TO REMAND ACTION TO STATE COURT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jon E. Abramczyk (#2432)
Ryan D. Stottmann (#5237)
1201 North Market Street, Suite 1600
Wilmington, DE  19801
(302) 658-9200
*Attorneys for Plaintiff Partners Healthcare*
*Solutions Holdings, L.P.*

OF COUNSEL:

Reed S. Oslan, P.C.
Scott A. McMillin, P.C.
Richard U. S. Howell
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000


December 23, 2013

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

ARGUMENT .....................................................................................................................1

    I.    UAM MISSTATES THIS COURT'S LAW GOVERNING THE
          COERCIVE ACTION DOCTRINE ........................................................................1

    II.   APSLP'S DECLARATORY ACTION RAISES ONLY STATE
          LAW CLAIMS ......................................................................................................4

    III.  THE POTENTIAL FOR PARALLEL PROCEEDINGS DOES
          NOT AFFECT THE PROPRIETY OF REMAND .................................................6

CONCLUSION ....................................................................................................................8

TABLE OF AUTHORITIES

Page(s)

CASES

*Abry Partners V, L.P. v. F&W Acquisition LLC*,
   891 A.2d 1032 (Del. Ch. 2006)...................................................................................5

*Airborne Health, Inc. v. Squid Soap, LP*,
   984 A.2d 126 (Del. Ch. 2009)....................................................................................5

*Care Corp. v. Kiddie Care Corp.*
   344 F. Supp. 12 (D. Del. 1972)......................................................................... passim

*City of Pittsburgh v. UPMC*,
   2013 WL 4010990 (W.D. Pa. Aug. 6, 2013) .......................................................2, 3

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*,
   463 U.S. 1 (1983).......................................................................................................1

*Guenveur v. State Farm Mut. Auto. Ins. Co.*,
   551 F. Supp. 1044 (D. Del. 1982)..............................................................................6

*Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers
   of Am.*, 502 F. App'x 201 (3d Cir. 2012).........................................................3, 4, 5

*Household Bank v. JFS Group*,
   320 F.3d 1249 (11th Cir. 2003) .................................................................................4

*In re Del Monte Foods Co. S'holders Litig.*,
   25 A.3d 813 (Del. Ch. 2011).....................................................................................5

*Lillard v. Del. State Hosp. for Chronically Ill*,
   552 F. Supp. 711 (D. Del. 1982)................................................................................6

*NACCO Indus. Inc. v. Applica Inc.*,
   997 A.2d 1 (Del. Ch. 2009).....................................................................................1, 5

*Summa Four, Inc. v. AT&T Wireless Servs., Inc.*,
   994 F. Supp. 575 (D. Del. 1998)................................................................................6

*U.S. v. Cargill, Inc.*,
   508 F. Supp. 734 (D. Del. 1981)................................................................................6

*Will v. Calvert Fire Ins. Co.*,
   437 U.S. 655 (1978)...................................................................................................6

Plaintiff Partners Healthcare Solutions Holdings, L.P. ("APSLP") files this reply brief in support of its Motion to Remand this Action to State Court (D.I. 10), and in reply to defendant Universal American Corp.'s ("UAM") brief in opposition to that motion (D.I. 20).

<u>ARGUMENT</u>

I.   UAM MISSTATES THIS COURT'S LAW GOVERNING THE
     COERCIVE ACTION DOCTRINE

In recounting the law concerning the coercive action doctrine, the only governing authority cited by UAM is the Supreme Court case of *Franchise Tax Board*, which says that "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would <u>necessarily</u> present a federal question." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983) (emphasis added). But there is nothing in APSLP's declaratory action that <u>necessarily</u> invokes federal securities law. Instead, APSLP crafted its declaratory action in light of this Court's holding in *Care Corp. v. Kiddie Care Corp.*, which states unequivocally that a declaratory plaintiff, threatened with both state and federal claims, "may choose to seek declaratory relief in a state court solely on the state claim and successfully resist removal of his case to the federal courts." 344 F. Supp. 12, 16 (D. Del. 1972); *see also NACCO Indus. Inc. v. Applica Inc.*, 997 A.2d 1, 23 (Del. Ch. 2009) ("[W]here a plaintiff has sought to assert a common law fraud or misrepresentation claim, the fact that the claim might have given rise to a similar claim under the federal securities laws generally has not supported removal jurisdiction."). *Kiddie Care* fully conforms with *Franchise Tax Board* because a declaratory action drafted purposefully to exclude a threatened federal claim eliminates the possibility of that federal claim "necessarily" appearing in the related coercive action.

This same interpretation of the coercive action doctrine was recently adopted in *City of Pittsburgh v. UPMC*, where the declaratory plaintiff sought relief only on state law claims, and the federal court remanded the case because the allegedly related federal claims lacked "congruence" with the state court complaint. *City of Pittsburgh v. UPMC*, 2013 WL 4010990, at *4 (W.D. Pa. Aug. 6, 2013). This congruence factor is no different from the necessity language in *Franchise Tax Board*, where both tests lead to the determination that because APSLP purposefully omitted federal claims from its declaratory action, that action is categorically incongruent with UAM's federal action. UAM argues that a close nexus exists because "there is no way meaningfully to separate the resolution" of the state and federal claims.[1] (D.I. 20, at 16.) But to the contrary, there is no rule preventing these cases from proceeding simultaneously in both state and federal court,[2] and even if these cases were to proceed in parallel (*i.e.*, assuming they survive the impending motions to stay and/or dismiss that

---

[1]     Despite UAM's belated attempt to brand its federal suit as the "Securities Fraud Action," (D.I. 20, at 1), the parties' core dispute is nothing more than a classic breach of contract dispute. To confirm this, the Court need look no further than UAM's three pre-litigation demand letters to APSLP, wherein UAM provided notice of the disputed issues as it saw them. (Levander Decl., D.I. 14, Exs. A–C.) These three letters comprise 13 pages of single-spaced text, and include no less than 30 alleged breaches of contract. (*Id.*) Noticeably absent from these letters are any allegations of securities fraud. The only federal securities law reference comes by way of a disclaimer, whereby UAM reserved its right to raise other causes of action. (*Id.* Ex. A at 7; Ex. B at 3; Ex. C at 2.) UAM's attempt to recast what was a boilerplate disclaimer pre-filing as the centerpiece of this dispute is disingenuous; this is the tail wagging the dog.

[2]     In *Kiddie Care*, the declaratory defendant had filed its own case in federal court raising its federal securities claims, such that this Court's decision to remand the declaratory plaintiff's action back to the Court of Chancery created parallel proceedings. *Kiddie Care*, 344 F. Supp. at 14. And the Court properly noted that arguments relating to the implication of having parallel actions are irrelevant in deciding a motion to remand, noting that such arguments "can subsequently be determined on a motion to stay." *Id.* at 16.

will surely follow if this case is remanded), the fact that "some facts found by the Court of Chancery may be given collateral estoppel effect in a federal action . . . alone cannot justify removal." *Kiddie Care*, 344 F. Supp. at 17 n.4. Because APSLP crafted its declaratory action to plead only state law claims, UAM's coercive action is not necessarily federal in nature.

In its response brief, UAM fails to cite any case law from this Circuit that limits *Kiddie Care* or *City of Pittsburgh* in any way. Instead, UAM cites dicta within a footnote in an attempt to recast this Court's test for the coercive action doctrine as to whether the declaratory defendant "could" seek declaratory relief in its coercive action. (D.I. 20 at 9 (citing *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 502 F. App'x 201, 204 n.4 (3d Cir. 2012)).) This attempted reframing of the coercive action doctrine fails for several reasons.

First, in *Honeywell*, the declaratory plaintiff filed its case <u>in federal court</u> under the Declaratory Judgment Act, and in no way disputed the jurisdiction of the federal court. *Honeywell*, 502 F. App'x at 203–05; *see also City of Pittsburgh*, 2013 WL 4010990, at *4 n.2 (noting that the difference in application of the coercive action doctrine between cases originally filed in state court versus those originally filed in federal court "is not an inconsequential point"). In short, *Honeywell* did not address the question of whether a declaratory plaintiff — threatened with both state and federal claims — can seek relief in the state court based solely on the state law claims. *But see Kiddie Care*, 344 F. Supp. at 16 (addressing that very question).

- 3 -

Second, UAM points to an Eleventh Circuit case that purportedly supports its interpretation of the coercive action doctrine while aligning itself with other circuits,[3] but UAM fails to mention that the Third Circuit is excluded from that list of participating circuits.

And third, even under the law of these other circuits (*i.e.*, the law that UAM endorses), remand is still justified. As the footnote in *Honeywell* says, federal jurisdiction is justified if the declaratory "*complaint*" demonstrates that the declaratory defendant "could seek coercive relief" under federal law. *Honeywell*, 502 F. App'x at 204 n.4. But as was discussed at length in the motion for remand, APSLP's declaratory action selectively raised only state law issues, purposefully excluding any mention of federal securities laws. (D.I. 10, at 5–8.) And because the focus is on APSLP's complaint as written — without any notice to UAM's pre-litigation threats or its later-filed federal action — federal jurisdiction does not exist.

II.   APSLP'S DECLARATORY ACTION RAISES ONLY STATE
       LAW CLAIMS

UAM next argues that APSLP's declaratory judgment complaint should be read broadly so as to "necessarily" invoke UAM's federal claims. (D.I. 20, at 2.) But APSLP is well aware that federal securities claims are within the exclusive jurisdiction of the federal court;[4] and has not and will not seek a declaration from the Court of Chancery on any question of federal law. If, as UAM contends, APSLP really "wanted the state court to determine . . . federal securities claims," APSLP would at least have mentioned the words "securities" or "fraud" in its 62-page declaratory judgment action — yet it did not. (D.I. 1-1, at 2–63.) Instead, APSLP

---

[3]   *Household Bank v. JFS Group*, 320 F.3d 1249, 1251 (11th Cir. 2003).

[4]   *See, e.g.*, *Kiddie Care*, 344 F. Supp. at 17 ("The Court of Chancery cannot determine Kiddie Care's claim under the Securities Exchange Act. The Delaware courts have consistently refused to entertain such claims.").

carefully focused its action on the express provisions of the parties' Merger Agreement. (*Id.*, at 10–12.)

UAM is also wrong in claiming that APSLP's reference to the Merger Agreement's anti-reliance and exclusive remedies provisions "are obvious attempts to preempt Universal's federal rights." (D.I. 20, at 14.) UAM fails to understand that the adjudication of disputes between sophisticated corporate parties over <u>any</u> provision in a deal agreement is a <u>state law</u> issue, and one of particular importance to the Delaware state courts:

> "Delaware upholds the freedom of contract and enforces as a matter of fundamental public policy the voluntary agreements of sophisticated parties." Sophisticated businesses can "make their own judgments about the risk they should bear," and those contractual expectations should be respected. In the deal context, "[p]arties bargain for provisions in acquisition agreements because those provisions mean something." It is "critical to our law that those bargained-for rights be enforced . . . ."

*In re Del Monte Foods Co. S'holders Litig.*, 25 A.3d 813, 841 (Del. Ch. 2011) (*quoting NACCO*, 997 A.2d at 35 and *Abry Partners V, L.P. v. F&W Acquisition LLC*, 891 A.2d 1032, 1061 (Del. Ch. 2006)). That is particularly true of anti-reliance provisions in acquisition agreements. *See, e.g.*, *Airborne Health, Inc. v. Squid Soap, LP*, 984 A.2d 126, 140 (Del. Ch. 2009) ("To enhance certainty in contracting and eliminate the threat of tort claims based on oral statements or an open-ended universe of information, Delaware permits parties to disclaim reliance on representations outside of the written agreement."). If, as its response brief suggests, UAM intends to oppose APSLP's requests for declaratory relief under the parties' Merger Agreement by asserting common-law fraud counterclaims, APSLP has every right to invoke the bargained-for anti-reliance provisions in the Delaware Court of Chancery, without implicating any matters of federal jurisdictional concern. In short, the mere citation to anti-reliance provisions in a deal

agreement in an action seeking a declaration that the party did not violate the contract in question is in no way an invocation of federal law.

### III.   THE POTENTIAL FOR PARALLEL PROCEEDINGS DOES NOT AFFECT THE PROPRIETY OF REMAND

Remanding this case back to state court and allowing these cases to proceed in parallel fashion — at least in the near term — will not "deprive [UAM] of a federal determination of its federal claim." (D.I. 20 at 17.) As mentioned, the fact that there may be some substantive overlap between the parties' parallel proceedings does not affect UAM's ability to seek resolution of its federal claims, nor does it justify the removal of the state action. *Kiddie Care*, 344 F. Supp. at 17 n.4 (noting that while "some facts found by the Court of Chancery may be given collateral estoppel effect in a federal action on [the declaratory defendant's] federal claim, . . . this fact alone cannot justify removal" (emphasis added)).

If duplicative litigation becomes a concern at any point following a remand, either party can request that one of the cases be stayed pending completion of the parallel proceeding. Indeed, motions to stay are common in scenarios such as this. *See, e.g.*, *Lillard v. Del. State Hosp. for Chronically Ill*, 552 F. Supp. 711, 727 (D. Del. 1982) (granting a stay "to allow the state law issues to be resolved in state court," at which point the federal court could lift the stay and proceed with the federal issues); *U.S. v. Cargill, Inc.*, 508 F. Supp. 734, 747 (D. Del. 1981) ("It has long been recognized that federal district courts have the inherent discretionary power to stay proceedings pending the disposition of parallel proceedings in a second court."); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978) (approving the district court's stay of a federal action that included federal securities claims pending resolution of a related state court proceeding); *Summa Four, Inc. v. AT&T Wireless Servs., Inc.*, 994 F. Supp. 575 (D. Del. 1998) (staying a federal action with exclusive-jurisdiction patent claims); *Guenveur v. State Farm Mut. Auto. Ins.*

*Co.*, 551 F. Supp. 1044, 1045 (D. Del. 1982) ("The present posture of this action falls within the ambit of what has been referred to as a 'fourth type' of abstention: the power of a district court to stay or dismiss an action on the sole ground that a concurrent similar action exists in state court which may resolve the controversy between the parties to the federal action.").

But perhaps the strongest evidence that APSLP's declaratory action does not deprive UAM of a federal determination of its federal claim is the fact that UAM's federal claims <u>are currently before this Court</u>. If APSLP's case is remanded, the parties can begin addressing the underlying issue of which court is best suited to hear this case, but that argument has no bearing on the jurisdictional issue raised by this motion. *See, e.g.*, *Kiddie Care*, 344 F. Supp. at 15 ("I conclude that the question of whether the controversies between these parties could best be resolved in the Court of Chancery, in [a] federal court, in both, or in some other court <u>is not relevant</u> to a determination of the question of the propriety of the removal in this case." (emphasis added)). As such, this case should be remanded to the state court, where UAM will be free to file a motion to stay or dismiss should it so choose.

CONCLUSION

For the reasons stated above, APSLP respectfully requests that the Court remand this matter to the Court of Chancery of the State of Delaware.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jon E. Abramczyk*
Jon E. Abramczyk (#2432)
Ryan D. Stottmann (#5237)
1201 North Market Street, Suite 1600
Wilmington, DE  19801
(302) 658-9200
   *Attorneys for Plaintiff Partners Healthcare
   Solutions Holdings, L.P.*

OF COUNSEL:

Reed S. Oslan, P.C.
Scott A. McMillin, P.C.
Richard U. S. Howell
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000

December 23, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Blake Rohrbacher
Kelly E. Farnan
Katharine C. Lester
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801


*/s/ Ryan D. Stottmann*
Ryan D. Stottmann (#5237)

7871996

`