IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARTNERS HEALTHCARE SOLUTIONS HOLDINGS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSAL AMERICAN CORP., <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 13-1767-RGA ) ) ) ) ) ) ) |

**DEFENDANT UNIVERSAL AMERICAN CORP.'S
REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Of Counsel:*

Andrew J. Levander
Linda C. Goldstein
Paul C. Kingsbery
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036
212-698-3500
andrew.levander@dechert.com
linda.goldstein@dechert.com
paul.kingsbery@dechert.com

Stuart T. Steinberg
Elisa T. Wiygul
Dechert LLP
2929 Arch Street
Philadelphia, Pennsylvania 19104
215-994-4000
stuart.steinberg@dechert.com
elisa.wiygul@dechert.com

Dated: December 23, 2013

Blake Rohrbacher (#4750)
Kelly E. Farnan (#4395)
Katharine C. Lester (#5629)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801
302-651-7700
rohrbacher@rlf.com
farnan@rlf.com
lester@rlf.com

*Attorneys for Defendant Universal American Corp.*

APSLP's cursory three-and-a-half page opposition brief reflects a deliberate choice to avoid any engagement on the merits of Universal's motion to dismiss. Apparently, even APSLP knows that its redundant Declaratory Action is dead on arrival. As Universal has shown—and, importantly, as APSLP does not dispute—the issues that APSLP seeks to raise defensively through its Declaratory Action will be fully adjudicated in the course of determining Universal's claims for damages and other affirmative relief in the Securities Fraud Action before this Court. Given the Delaware forum selection provision in the Merger Agreement and the fact that federal courts have exclusive jurisdiction over federal securities fraud claims, this Court is the *only* court that can resolve all of Universal's fraud and breach of contract claims. No legitimate purpose would be served by having the parties waste resources litigating APSLP's superfluous Declaratory Action, whether in the Delaware Court of Chancery or this Court—and not even APSLP suggests otherwise.

APSLP tries to duck Universal's motion to dismiss by arguing that this Court should first decide APSLP's remand motion. APSLP cannot, however, hide behind its remand motion. As Universal demonstrated in its opposition to that motion, Universal properly removed the Declaratory Action to this Court. (*See* D.I. 20.) That APSLP chose to make this argument the centerpiece of its opposition to Universal's motion to dismiss only highlights that APSLP's goal is an improper one—to foment two litigations in two courts on the same facts and claims.

APSLP further suggests that "[i]f the remand motion is denied, the parties should be directed to meet and confer on an agreed motion to consolidate [Universal's] lawsuit and APSLP's declaratory judgment action into a single proceeding before this Court." (D.I. 18 at 1.) APSLP's remarkable request that the Court simply skip ruling on Universal's motion makes it plain that APSLP has no answer to the case law holding that duplicative declaratory judgment

claims should be dismissed. (*See* D.I. 12 at 14-16.) This Court should not bypass Universal's motion merely because APSLP has no answer to it. Consolidation of Universal's complaint and APSLP's redundant defensive claims is unnecessary. APSLP's claims should be dismissed, and APSLP can defend against Universal's complaint in the normal fashion.

Finally, APSLP's explanation for why it supposedly had "no reasonable alternative other than to file its declaratory judgment action" is both implausible and beside the point. (D.I. 18 at 4.) APSLP concedes that Universal had imposed an October 21, 2013 deadline, after which Universal would file the Securities Fraud Action. (*See id.* at 3.) Thus, if APSLP believed that the parties' settlement talks had come to an end, APSLP had no need to file its own lawsuit seeking declaratory relief on the claims that it knew Universal would bring because Universal's lawsuit was imminent. More importantly, even though APSLP's counsel has submitted his own declaration, he does not deny that he told Universal's counsel not to "press the button" on Universal's lawsuit, only to sneak off to Delaware state court that night. Regardless of APSLP's reasoning, its concession that it misled Universal, the true plaintiff, in a bid to beat Universal to the punch is alone grounds for dismissal. (*See* D.I. 12 at 17-19.)

## Conclusion

For the foregoing reasons and for the reasons stated in Universal's Opening Brief, this Court should dismiss the Declaratory Action in favor of the Securities Fraud Action.

3

| | |
|---|---|
| Of Counsel:<br><br>Andrew J. Levander<br>Linda C. Goldstein<br>Paul C. Kingsbery<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, New York 10036<br>212-698-3500<br>andrew.levander@dechert.com<br>linda.goldstein@dechert.com<br>paul.kingsbery@dechert.com<br><br>Stuart T. Steinberg<br>Elisa T. Wiygul<br>Dechert LLP<br>2929 Arch Street<br>Philadelphia, Pennsylvania 19104<br>215-994-4000<br>stuart.steinberg@dechert.com<br>elisa.wiygul@dechert.com<br><br>Dated: December 23, 2013 | */s/ Blake Rohrbacher*<br>Blake Rohrbacher (# 4750)<br>Kelly E. Farnan (#4395)<br>Katharine C. Lester (#5629)<br>Richards, Layton & Finger, P.A.<br>920 North King Street<br>Wilmington, Delaware 19801<br>302-651-7700<br>rohrbacher@rlf.com<br>farnan@rlf.com<br>lester@rlf.com<br><br><br><br><br><br><br><br><br><br><br>*Attorneys for Defendant Universal American Corp.* |