IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARTNERS HEALTHCARE SOLUTIONS HOLDINGS, L.P., <br><br>  Plaintiff, <br><br> v. <br><br> UNIVERSAL AMERICAN CORP., <br><br>  Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 13-1767-RGA/MPT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

Presently before the court is plaintiff's motion to remand this case to the Delaware Court of Chancery pursuant to 28 U.S.C. § 1447(c)[1] and defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) & (1).[2]

**II.  BACKGROUND**

    **A.  Procedural History**

On October 21, 2013, Partners Healthcare Solutions Holdings, L.P. ("APSLP") filed eighteen counts of exclusively declaratory relief against Universal American Corp. ("Universal") in the Delaware Court of Chancery.[3]  Universal removed the declaratory

---

[1] D.I. 9.
[2] D.I. 11.
[3] D.I. 1 (Notice of Removal); *id.*, Ex. 1 (Verified Complaint).  Counts one through fifteen are for a declaration that APSLP did not breach its covenants, representations, or warranties regarding the Puerto Rico, Pennsylvania, Tennessee, California, Wyoming, Colorado, Ohio, Nevada, Hawaii, Georgia,

relief action to this court on October 28, 2013.[4] Universal's causes of action against APSLP are federal securities fraud (Counts I and II), common-law fraud (Counts III-VI and VIII), breach of the Merger Agreement (Count VII), and unjust enrichment (Count IX).[5] On November 27, 2013, APSLP filed a motion to remand to the Delaware Court of Chancery under 28 U.S.C. § 1447(c).[6] In its motion, APSLP moves for payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal.[7] On November 11, 2013, Universal filed a motion to dismiss APSLP's complaint under Rules 12(b)(1) and (6).[8]

### B. Factual History

Partners Healthcare Solutions, Inc. ("APS") is a specialty healthcare company.[9] On March 2, 2012, Universal bought APS from APSLP, which is a holding company controlled by the private equity firm GTCR Golder Rauner II, L.L.C. ("GTCR").[10] In March 2013, Universal expressed dissatisfaction with APS's first-year performance and alleged misrepresentation by APSLP, GTCR, and the other participants during the merger negotiations.[11] On March 1, 2013, Universal sent its first letter threatening

---

WellPoint, Vermont, Oregon, immigration verification, and financial projections and new business pipeline contracts. *Id.*, Ex. 1 at 30, 32, 34, 37-38, 40, 42-43, 45-46, 48-49, 51-53. Count sixteen is for declaration that APSLP did not breach its covenants regarding management of the Company's ongoing operations or its development of new business. *Id.*, Ex. 1 at 56. Count seventeen is for declaration that APSLP did not breach its covenants, representations, or warranties regarding the Care Connections/C3 software. *Id.*, Ex. 1 at 57. Count eighteen is for declaration that APSLP's actions, individually or in the aggregate, do not constitute a Company Material Adverse Effect as defined in the Merger Agreement. *Id.*, Ex. 1 at 59.

[4] D.I. 1 at 1.
[5] *Id.* at 2.
[6] D.I. 9.
[7] *Id.*
[8] D.I. 11.
[9] D.I. 12 at 1.
[10] *Id.*
[11] D.I. 12 at 6; D.I. 9 at 3.

litigation which began seven months of good faith negotiations.[12]  These talks lead to a two-day mediation beginning September 16, 2013.[13]  Universal now seeks over $150 million in compensatory damages, the imposition of a constructive trust, punitive damages, and other affirmative relief from APSLP, GTCR, and four individual defendants.[14]

## III.   PARTIES' CONTENTIONS

### A.   Universal's Contentions

Universal contends APSLP's declaratory action should be dismissed, because "[v]irtually all of the issues that APSLP seeks to resolve through its Declaratory Action will be adjudicated in the course of determining Universal's claims for damages and other affirmative relief in the Securities Fraud Action."[15]  Universal argues APSLP's complaint subverts the purpose of the Declaratory Judgment Act, noting the action was filed "in an attempt to secure its preferred forum for the claims it knew Universal would assert."[16]  Universal further contends this court has original jurisdiction because the subject of the dispute is securities fraud, and APSLP seeks declaration of non-liability "under any legal theory" which includes securities fraud.[17]  Universal maintains the court has jurisdiction under the coercive action doctrine, because it could and eventually did file its own federal claim.[18]

Lastly, Universal points out APSLP's race to the courthouse to file its declaratory

---

[12] D.I. 18 at 2.
[13] *Id.*
[14] D.I. 12 at 2.
[15] *Id.* at 2-3.
[16] *Id.* at 12, 17.
[17] D.I. 20 at 3.
[18] *Id.* at 9.

claims is itself reason for dismissal.[19] According to Universal, while the parties were engaged in settlement negotiations, on October 8, 2013, it conveyed a settlement demand to APSLP.[20] On October 17, 2013, Universal told APSLP it would file a securities fraud action if APSLP failed to respond on or before October 21.[21] On October 21, 2013, APSLP requested a conference for the following morning, and minutes thereafter filed its declaratory action in the Delaware Court of Chancery.[22]

### B. APSLP's Contentions

APSLP contends the motion to remand must be decided before addressing Universal's motion to dismiss because its claim is jurisdictional in nature.[23] APSLP argues Universal has taken the "any legal theory" language out of context, and insists it focused on, and was limited to, Universal's threatened claims that APSLP breached the Merger Agreement.[24] APSLP further notes, "[n]one of the counts refer to or encompass any federal securities law claims," and the declaratory judgment action makes no references to the Exchange Act, securities or fraud.[25]

Additionally, APSLP maintains the removal to this court was not justified under the coercive action doctrine.[26] It points out, courts recognize certain threatened disputes are inevitably or necessarily federal in nature, which are the basis of the coercive action doctrine.[27] As a result, it argues the breach of contract claims which

---

[19] D.I. 12 at 17.
[20] *Id.* at 13.
[21] *Id.*
[22] *Id.*
[23] D.I. 18 at 1.
[24] D.I. 10 at 5.
[25] *Id.*
[26] *Id.* at 8.
[27] *Id.* at 11.

make up APSLP's Delaware Court of Chancery action, are not necessarily or inevitably federal in nature, and do not support the initial removal.[28] APSLP further notes, federal original jurisdiction based on the coercive action doctrine only occurs if the declaratory judgment claim would necessarily present a federal question.[29] Since APSLP's declaratory judgment action selectively raised only state law issues, it purposefully excluded any federal securities related claims.[30]

APSLP contends returning its claims to state court, and allowing its case and Universal's claims to proceed in parallel fashion will not deprive Universal of a determination of its federal claim, because either party could request a stay pending completion of the parallel proceeding.[31]

APSLP purports its declaratory judgement action was filed in good faith.[32] It notes Universal's first letter threatening litigation was sent on March 1, 2013, which started the good faith resolution talks, leading to the September 2013 mediation.[33] According to APSLP, mediation was derailed when Universal interjected an entirely new claim into the dispute, and demanded APSLP accede to its settlement demands before being able to investigate the recently asserted claim.[34] Lastly, APSLP contends on October 21, 2013, Universal expressly and unequivocally ended further settlement negotiations, leaving no reasonable alternative other than filing its declaratory judgment

---

[28] *Id.*
[29] D.I. 26 at 1.
[30] *Id.*
[31] *Id.* at 6.
[32] D.I. 18 at 2.
[33] *Id.* at 2-3.
[34] *Id.* at 3.

action.[35]

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss, Failure to State a Claim upon Which Relief can be Granted

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[36] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[37] A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[38] While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[39]

To survive a motion to dismiss, a plaintiff's factual allegations must be sufficient

---

[35] *Id.* at 4.
[36] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[37] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").
[38] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *Burlington*, 114 F.3d at 1420).
[39] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (citations omitted) (rejecting "unsupported conclusions and unwarranted inferences"); *see generally Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

to "raise a right to relief above the speculative level . . . ."[40]  Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.[41]  Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[42]  A claim has facial plausibility when it contains factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[43]  Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[44]  Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss.[45]

**B.     Motion to Dismiss, Lack of Subject Matter Jurisdiction**

When jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.[46]  Under FED. R. CIV. P. 12(b)(1), the court's jurisdiction may be challenged either facially, that is, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional facts.[47]  Where there is a facial attack on jurisdiction, the court must accept as true the allegations contained in

---

[40] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).
[41] *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[42] *Twombly*, 550 U.S. at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).
[43] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).
[44] *Twombly*, 550 U.S. at 563 (citations omitted).
[45] *See, e.g.*, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).
[46] *See Carpet Group Int'l. v. Oriental Rug Importers Ass'n., Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).
[47] 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 1997).

the complaint. Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'"[48]

Where there is a factual attack, the court is not "confine[d] to the allegations in the . . . complaint, but [may] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction."[49] Under that circumstance, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."[50]

Usually, subject matter jurisdiction is decided at the outset of a case, however, "the truth of jurisdictional allegations need not always be determined with finality at the threshold of litigation."[51] A party may first establish jurisdiction "'by means of a nonfrivolous assertion of jurisdictional elements and any litigation of a contested subject-matter jurisdictional fact occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection).'"[52]

## V.   DISCUSSION

### A.   Jurisdiction

---

[48] *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).
[49] *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortenson v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891-92 (3d Cir. 1977).
[50] *Carpet Group*, 227 F.3d at 69 (quoting *Mortenson*, 549 F.3d at 891).
[51] MOORE at § 12.30[1].
[52] *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 597 F. Supp. 2d 462, 466 (D. Del. 2009) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537–38 (1995)).

APSLP argues the case should be remanded to the Delaware Court of Chancery.[53] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under § 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[54]  "It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."[55]

APSLP further argues this court has no jurisdiction to dismiss the declaratory judgment action originally filed in the Delaware Court of Chancery.[56]  For cases between non-diverse parties, there must be a showing that, "the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."[57]

"To determine whether a declaratory judgment action raises a federal question, the Court must look to the cause of action which the declaratory defendant threatens to assert; if the threatened action involves a claim under federal law, there exists federal question jurisdiction over the declaratory judgment action."[58]  "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit

---

[53] D.I. 26 at 8.
[54] 28 U.S.C. § 1447(c).
[55] *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (footnote omitted) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).
[56] D.I. 26 at 1.
[57] 28 U.S.C. § 1441(b).
[58] *La Chemise Lacoste v. Alligator Co.*, 313 F. Supp. 915, 917 (D. Del. 1970).

would necessarily present a federal question."[59] The Third Circuit has favorably cited another circuit's interpretation of the coercive action doctrine which gives federal courts jurisdiction if the complaint could have raised a federal question.[60]

In the instant matter, APSLP moved to remand based on a lack of subject matter jurisdiction within the thirty day limitation under 1446(a).[61] In its complaint, APSLP raised federal issues by seeking declaratory judgement under "any legal theory" with respect to the underlying facts of each of the counts.[62] As written, the complaint necessarily raises a federal question by its use of the any legal theory language and by the facts surrounding the claim.[63] The complaint further could have raised a federal question as is evidenced by Universal's subsequently filed federal securities claim, which is based on the same or similar underlying facts of the declaratory judgment action. This court therefore has subject matter jurisdiction over the declaratory judgment action and removal was proper.[64]

### B. Universal's Motion to Dismiss

"The granting of declaratory judgment is discretionary and not mandatory. Said discretion is to be exercised in accordance with sound judicial principles and the

---

[59] *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983).
[60] *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 502 F. App'x 201 at n.4 (3d Cir. 2012) (citing *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 863 (11th Cir. 2008) ("Federal question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant *could* file a coercive action arising under federal law.") (emphasis in original)).
[61] *See, e.g.*, D.I. 1; D.I. 9 (noting the time between the filing of the notice of removal and the motion to remand is within 30 days).
[62] D.I. 1, Ex. 1 at 32, 34, 36, 38, 40-41, 43, 45-47, 49-50, 52-53, 55, 57, 59, 61.
[63] Despite APSLP's insistence it selectively and solely raised state law issues, it included the "any legal theory language," leaving open the option to raise or assert federal issues. It did not limit its action to only state law claims, such as breach of the merger agreement.
[64] Contrary to APSLP's argument, in every count the "any legal theory" is incorporated. Further, the facts and circumstances alleged could support a federal securities claim. *See* D.I. 26 at 4.

purposes of the Declaratory Judgment Act . . . .  The statute should not be used to try a case piecemeal."[65]

> The objectives of the Federal Declaratory Judgment Act are: . . . to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued. An additional purpose is to clarify legal relationships before they have been disturbed or a party's rights violated.[66]

"'[W]here the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief . . . we ordinarily give priority to the coercive action, regardless of which case was filed first.'"[67]  "[A] district court may dismiss a declaratory judgment action that 'was filed in anticipation of . . . impending litigation and motivated solely by considerations of forum shopping.'"[68]

APSLP's declaratory judgment action circumvents the purposes of the Declaratory Judgment Act.  APSLP does not seek to prevent the accrual of avoidable damages, nor clarification of a legal relationship before the occurrence of any injury, disturbance of a relationship, or rights being violated.  Instead, APSLP knew Universal planned to sue by a certain date in federal court, and instituted its declaratory judgment action in the Chancery Court on that date.[69]  Thus, there were no additional damages likely to be avoided.  As demonstrated by the facts alleged in both complaints, the legal

---

[65] *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543-544 (3d Cir. 1974) (footnotes and internal quotation marks omitted).
[66] *Id.* at 543 (footnotes and internal quotation marks omitted).
[67] *Honeywell Int'l. Inc.*, 502 F. App'x at 206 (omission in original) (quoting *Research Automation v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010)).
[68] *Wilderman v. Cooper & Scully, P.C.*, 428 F.3d 474, 476 n.1 (3d. Cir. 2005) (omission in original) (quoting *Nat'l Foam, Inc. v. Williams Fire & Hazard Control, Inc.*, No. Civ. A. 97-3105, 1997 WL 700496, at *7 (E.D. Pa. Oct. 29, 1997)).
[69] D.I. 12 at 13.

relationship between the parties had already been negatively affected and rights allegedly violated.

APSLP's declaratory judgment action results in a piecemeal approach to resolve admittedly common issues as evidenced by its comment, "[r]emanding this case back to state court and allowing these cases to proceed in parallel fashion . . . will not 'deprive [Universal] of a federal determination of its federal claim.'"[70] Furthermore, the issues raised in the declaratory action will inevitably be resolved by adjudication of Universal's claims that APSLP is liable for breach of contract and fraud, as they arise out of the merger agreement. Thus, APSLP will receive the celerity it seeks from its declaratory judgment action.[71] This court, therefore, should give priority to the coercive action over the declaratory action without considering which case was filed first.[72] Lastly, APSLP filed its action in the Delaware State Court in anticipation of Universal filing in federal court, suggesting forum shopping. As a result, Universal's motion to dismiss the declaratory judgment action should be granted.

### C. APSLP's Request For Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[73] "[W]hen an objectively reasonable basis exists [for removal], fees should be denied."[74] Here, there was reasonable basis not only for removal, but also for dismissal of the declaratory

---

[70] D.I. 26 at 6.
[71] D.I. 12 at 15-16.
[72] *See Honeywell Int'l. Inc.*, 502 F. App'x at 206 (citing *Research Automation v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010)).
[73] 28 U.S.C. § 1447(c).
[74] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal citations omitted).

judgment action.  Therefore, attorney's fees should be denied.

## VI. ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, it is recommended that:

(1) Plaintiff's motion to remand (D.I. 9) be **denied**.

(2) Defendant's motion to dismiss (D.I. 11) be **granted**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation.  The objections and responses are limited to **seven (7) pages**.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.


Date:  February 11, 2014            /s/  Mary Pat Thynge
                                    UNITED STATES MAGISTRATE JUDGE